**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANTHONY FORTNER,

                                       Civil No. 24-1496 (JRT/LIB)

                Petitioner,

v.

                             **MEMORANDUM OPINION AND ORDER**

B. EISCHEN, *Warden Bureau of Prisons*,         **ADOPTING REPORT AND**
                                    **RECOMMENDATION**

                Respondent.

---

Anthony Fortner, Registration Number 11108-040, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* Petitioner.

Ana H. Voss and Lucas B. Draisey, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.


Petitioner Anthony Fortner petitions for a writ of habeas corpus to have the First Step Act Time Credits for his time spent at a Texas federal facility applied to his sentence such that he would become eligible for prerelease custody sooner. But because habeas is not the proper avenue to challenge conditions of confinement, the Court lacks jurisdiction. Accordingly, the Court will overrule Fortner's objections, adopt the report and recommendation, and deny Fortner's petition.

**BACKGROUND**

Petitioner Anthony Fortner is currently a federal prisoner detained at the Federal Prison Camp in Duluth, MN ("FPC Duluth"). Before his transfer to FPC Duluth, Fortner was incarcerated at a Texas facility for 543 days. (Pet. Writ Habeas Corpus at 7, Apr. 24, 2024,

Docket No. 1.)[1]  In the Texas facility, Fortner alleges he engaged in several evidence-based recidivism reduction activities that would allow him to earn First Step Act Time Credits ("FTCs") to reduce his sentence.  (*Id.*)  Upon arrival at Duluth FPC, however, the Bureau of Prisons ("BOP") declined to apply the FTCs Fortner would have earned at the Texas facility.  (*Id.*)

Fortner then brought this petition for a writ of habeas corpus requesting the Court award him between 170 and 180 FTC days from his time spent in the Texas facility.  (*Id.* at 22.)  Magistrate Judge Leo I. Brisbois issued a report and recommendation ("R&R") recommending the Court dismiss Fortner's petition without prejudice for lack of jurisdiction.  (R. & R. at 6, July 26, 2024, Docket No. 11.)  In doing so, the Magistrate Judge noted that any FTCs over 365 days would only accelerate the date by which Fortner would become eligible for prerelease custody.  (*Id.* at 1.)  Thus, Fortner's claim actually challenged his conditions of confinement, which under Eighth Circuit precedent does not confer jurisdiction on the Court in writs of habeas corpus.  (*Id.* at 3.)  Fortner filed specific objections to the R&R, primarily contesting the Magistrate Judge's legal determination that the Court lacks jurisdiction to hear the writ.  (Mot. De Novo Review at 8, Sept. 11, 2024, Docket No. 14.)[2]

---

[1] The Court cites to the ECF page numbers.
[2] Though labeled as a motion for de novo review, the Court construes Fortner's motion as an objection to the R&R.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing a properly objected to portion of an R&R, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8ᵗʰ Cir. 1994). However, "pro se litigants are not excused

from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Because Fortner makes specific objections to the Magistrate Judge's characterization of the claim, the Court will review the R&R de novo.

## II.   ANALYSIS

Under the First Step Act, prisoners may reduce their sentence up to twelve months by earning time credits through evidence-based recidivism reduction programming. *See* 18 U.S.C. § 3624(g)(3).[3] Beyond those twelve months, however, prisoners may only earn credits to expedite their eligibility for prerelease custody (i.e., in a residential reentry center or in home confinement). *See* 18 U.S.C. § 3632(d)(4)(C) (referencing 18 U.S.C. § 3624(g)).

Here, Fortner has already earned, and the BOP has applied, the twelve-month reduction to his sentence. (*See* Pet. Writ Habeas Corpus at 13.) Therefore, even if the contested 543 days from his incarceration in Texas were added to his accrued FTCs, it would serve only to expedite his eligibility for prerelease custody, not reduce his overall sentence.

_____

[3] *See also Evidence-based Recidivism Reduction (EBRR) Programs and Productive Activities (PA)*, Federal Bureau of Prisons, https://www.bop.gov/inmates/fsa/docs/evidence_based_recidivism_reduction_programs.pdf (summarizing various educational, vocational, and substance abuse offerings available to prisoners through the Bureau of Prisons).

The dispositive question is whether Fortner may petition the Court via a writ of habeas corpus to expedite his prerelease custody. The Magistrate Judge found he could not and recommended dismissing for lack of jurisdiction.

Federal courts have jurisdiction to hear habeas petitions concerning the "fact or length of the confinement" but, at least in the Eighth Circuit, lack jurisdiction to hear "conditions-of-confinement" claims via habeas. *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014). Here, Fortner does not contend he is eligible for early release from BOP custody. He argues only that the characterization of that custody—from a prison setting to prerelease custody—should be changed earlier because of his accrual of FTCs. But because it sits in the Eighth Circuit and is not bound by out-of-circuit cases, the Court lacks jurisdiction to hear such claims in a habeas petition. *See Johnson v. Birkholz*, No. 21-2017, 2022 WL 3135304, at *2 (D. Minn. Aug. 5, 2022) (collecting cases).

When a pro se litigant improvidently brings a conditions-of-confinement claim as a habeas petition, the Court may either dismiss without prejudice or obtain consent from the pro se litigant to recharacterize his claims. *Spencer*, 774 F.3d at 471. As the R&R rightly noted, if the Court were to recharacterize the habeas petition, it would have to dismiss the resulting civil case for failure to exhaust administrative remedies.[4] *See* 42

---

[4] Fortner cites to a district court case from New Jersey that "excused" the requirement to exhaust administrative remedies for habeas petitions. *Gallo v. Ortiz*, No. 20-16416, 2021 WL 571600, at *4 n.8 (D.N.J. Feb. 16, 2021). However, the Court would necessarily have to recharacterize Fortner's claims based on conditions of confinement, so caselaw on waiving exhaustion for habeas petitions (even if it were binding on the Court) does not apply.

U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); (Pet. Writ Habeas Corpus at 6 (admitting, despite Fortner's objection he exhausted administrative remedies, that administrative appeals were pending but that Fortner "expects no different response from his final appeal to the D.C. office").)

While the Court will dismiss Fortner's action, it will do so without prejudice which allows Fortner to refile his claims as a civil action after exhausting all administrative remedies.

## CONCLUSION

Fortner petitioned for a writ of habeas corpus asking the Court to declare his eligibility for FTCs allegedly earned while in a Texas federal facility.  However, those credits, even if properly earned, would serve only to expedite his eligibility for prerelease custody and would not shorten the actual length of his sentence.  The Eighth Circuit has determined that such challenges are conditions of confinement claims and inappropriately raised in a habeas petition.  Accordingly, the Court lacks jurisdiction over Fortner's claims, so it will overrule Fortner's objections, adopt the R&R, and dismiss the petition.  The Action will be dismissed without prejudice such that Fortner may bring his claim as a civil case once all administrative remedies have been fully exhausted.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for De Novo Review of the Report and Recommendation [Docket No. 14] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 11] is **ADOPTED**;

3. Petitioner's Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. This Action is **DISMISSED WITHOUT PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  November 27, 2024                          _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                   United States District Judge